

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RAOUL FRANCISCO CORREA,<br><br>Defendant. | Case No.   CR 25-30-AH<br><br>ORDER OF DETENTION |

I.

On March 11, 2025, Defendant Raoul Francisco Correa made his initial appearance on the indictment filed in this matter. Deputy Federal Public Defender David Menninger was appointed to represent Defendant. Defendant submitted on the Pretrial Services Officer's recommendation of detention.

☐ On motion of the Government [18 U.S.C. § 3142(f)(1)] in a case allegedly involving an offense with maximum sentence of life imprisonment or death.

☒ On motion by the Government or on the Court's own motion [18 U.S.C. § 3142(f)(2)] in a case allegedly involving a serious risk that the defendant will flee.

The Court concludes that the Government is entitled to a rebuttable presumption that no condition or combination of conditions will reasonably assure the defendant's appearance as required and the safety or any person or the community [18 U.S.C. § 3142(e)(2)].

II.

The Court finds that no condition or combination of conditions will reasonably assure: ☒ the appearance of the defendant as required.
☒ the safety of any person or the community.

III.

The Court has considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g)]. The Court also considered all the evidence adduced at the hearing, the arguments of counsel, and the report and recommendation of the U.S. Pretrial Services Agency.

IV.

The Court bases its conclusions on the following:

As to risk of non-appearance:

☒ Defendant is currently in custody serving a ten year sentence following a conviction for possession with intent to distribute methamphetamine and is not eligible for release until June 5, 2030.

As to danger to the community:

☒ Defendant is currently in custody serving a ten year sentence following a conviction for possession with intent to distribute methamphetamine and is not eligible for release until June 5, 2030.

The Court finds that release on bail would pose both a risk of flight and a danger to others and to the community.

## V.

IT IS THEREFORE ORDERED that the defendant be detained until trial. The defendant will be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant will be afforded reasonable opportunity for private consultation with counsel. On order of a Court of the United States or on request of any attorney for the Government, the person in charge of the corrections facility in which defendant is confined will deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding. [18 U.S.C. § 3142(i)]

Dated: March 11, 2025

/s/
ALKA SAGAR
UNITED STATES MAGISTRATE JUDGE